Thank you. Xavier Gonzalez on behalf of the petitioner Marcel Szczypka. The first issue I want to address is the actual statute involved here, the removal statute 101-843-G. It actually has two parts. It begins by describing an aggravated felony as a theft offense, and then it refers specifically to for which the term of imprisonment is at least one year. I think we have to ask ourselves, why did Congress put that requirement in for theft? I think it intended to differentiate between a minor theft, a petty theft punishable by less than a year, and a major theft punishable by more than a year. That is very important in analyzing whether or not Nevada's robbery statute meets the test of larceny and also punishable by a year. It seems to me that during the course of arguments that were submitted in briefing and arguments made to the immigration judge, that there was an automatic reference to the fact that he was sentenced to more than a year on the robbery charge. For him to be punishable for a theft offense, punishable by more than a year, Nevada, like every other state in the Union, must refer to a specific loss and value for it to rise to the level of a larceny punishable by a year or more. For some ungodly reason, I don't know why, there has never really been a focus or analysis on this aspect of the statute. But I'm going to move on. That's important. The other point that I've made is that robbery has traditionally, and forever as far as I've known since beginning practice in 1981, has never included larceny as a specific subset of the robbery. As a practicing criminal attorney, as well as an immigration attorney, I know that you can never get a lesser-included offense instruction for larceny on robbery because all the elements of the subset, larceny, are not included. I was struggling both with your argument in the brief and now with your argument here, as to why the question whether Nevada's statute under which he was convicted, I think it's NRS 200.380, whether or not it includes larceny. And how that has bearing on the question whether the offense of conviction, 200.380, is a categorical match for the federal generic theft offense. Can you explain to me why larceny, I think both the IJ and the BIA indicated to you that larceny was irrelevant, but obviously you think it's very relevant. Can you explain to me why it's relevant? Yeah, so if you think about this for a minute, there's only one reference made to anything related to larceny in the robbery statute. It's described as taking. Where is there a requirement for taking for a sufficient and long enough period of time? Not only to obtain possessory interest in it, but for a sufficient period of time for an owner to lose value or to create an actual loss. I repeatedly referred to something well-known to most criminal attorneys in Nevada, that the taking for a robbery is separate and distinct from larceny for a myriad of reasons. Not only because there's a different intent, robbery general, larceny specific, but also because the taking doesn't require it to be for any specific period of time or any monetary value or any loss to the victim. Robbery is a separation of property from its owner by force. That's why I kept referring to how Nevada has treated larceny separate from robbery. Mr. Gonzalez, let me try Judge Ikuda's question slightly differently. The relevant comparison for purposes of the categorical analysis is the state crime, Nevada state robbery, to the generic crime of theft. Nowhere below or here do you have any analysis of comparison of Nevada robbery to the generic crime of theft. You compare it repeatedly to the Nevada crime of larceny. And so what I'm struggling with here, because I think my sense is that underneath all this, there may be a good argument, is that have you ever at anywhere in this litigation ever said, here's the generic crime of theft. As defined by the federal statutes. And here's the Nevada crime of robbery. And one is broader than the other. I can't find that argument ever having been made in the agency or in front of us. Take a look at C.A.R. 149. And it actually begins probably on 148 and 149, beginning with the definition of aggravated felony theft offense and how that's been defined by matter of B.Z.S. 22-9 indecision 1338 of BIA 2000 decision in Corona Sanchez. And so we actually do compare at C.A.R. 149, the generic definition of theft with our state statute, NRS 205-0832. And we compare that with how Nevada has defined theft, not in a robbery statute. But we don't care how Nevada defines theft. That's not our issue. Nevada can define theft any way it wants. The question is, where do you discuss the generic definition of theft? And I may be missing that. I'm looking at C.A.R. 149 and you're comparing the federal generic theft defense with a statute, a different statute, NRS 205-0832. Whereas my understanding is the offense of conviction in this case is NRS 200.380. Do you have a comparison between the generic theft defense and NRS 200.380? Yes, we do. And where is that? Point me to that, please. C.A.R. 153. So it may be not as artfully described as you want, or maybe as clear as it should be. But what we begin by arguing at C.A.R. 153 is that there's a difference between the word taking in the robbery statute and the generic definition of theft. And what I describe here is Nevada has rejected any analysis that would involve theft or larceny as being part of a robbery statute. So distinct that you cannot obtain a lesser included instruction. For me, that's end of case. Well, that's a matter of Nevada. That's a matter of Nevada law. I understand that. My question is, once again, and maybe maybe it's better to focus on your briefs to us rather than your briefs below. Where to us in your briefing to us? And it's only one brief as I understand it. Where does it where does it where do you argue? Where do you make a comparison of the generic offense to to the Nevada robbery offense? We repeat the same argument we made below to the board. Well, but I don't see that. So tell your brief to us. I just don't see you making that argument. By the way, I should add that I think it's probably a pretty good argument if it were made, but I just don't see it being made. Take a look at page 21 of our brief. And you'll see that we've repeating the same lesser included offense argument that we had repeated in that we had stated the motion that terminate removal. The Board of Immigration Appeals, what we say is that Simpson makes clear and we actually refer to it. Robbery requires two unique elements. The property be taken from the person or presence of another by means of force or violence or fear of injury. Larceny in turn has the unique element of specific intent. Mr. Gonzalez, we're missing it. We're missing each other. So let me try again, because this is important to me. You repeatedly argue in your brief why robbery is not theft in Nevada. I think you're correct. It plainly isn't. My question is, where do you argue that robbery is not generic theft? The fact that Nevada doesn't make it theft isn't the issue in front of us. The question is whether it's generic theft. And I just don't see any comparison in your briefing to us to whatever the definition of generic theft is. That's my problem. Here's the thing. We give you the generic definition of theft. So we recited that in our brief. Where? You recount the Nevada definition of theft. I want to know where you recount the generic definition of theft. Page 18 of our brief. All you cite are Nevada cases. The generic definition doesn't come from Nevada cases. We cite Werther Brewer v. Ashcroft. You're saying many of the acts prescribed by Nevada's theft statute would not be covered by the generic definition of theft, and I understand that. My question is, your job in this case is to compare the robbery statute to the generic definition of theft. I just can't find that analysis anywhere in your briefs. In my opinion, we've done that throughout. Take a look at page 13. Page 13 actually gives you the generic definition of theft. It's very broad. It's a matter of VZS and Nevada v. Sanchez, the generic definition of theft. So we've included that definition here, and then we've asked you to compare the only reference made in the robbery statute to anything that could be related to a larceny, and that's the word taking. So can you equate that word used in the robbery statute, taking, with this generic definition of theft? No. For a multitude of reasons. Could you help me? I apologize, but I'm really trying to get your argument. So if I look at the generic theft offense, which you have cited on page 13, and the BIA has cited, the first part of it is a taking of property or an exercise of control over property. And is that equivalent to Nevada, or is it your position that that is not equivalent to Nevada? Because when I look at 200.380, it says robbery is the unlawful taking of personal property from the person of another. So that seems to be equivalent to the federal generic statute. Is your argument that it's not? It's not because, first of all, for that to be sufficient to meet the generic definition of theft, it would have to be a categorical match. And for a multitude of reasons, it isn't. They both use the word taking of property. So the NRS, the Nevada statute, says the unlawful taking of personal property. And so why is that not the same as the generic theft offense, taking of property or an exercise of control over property? And that's because there is no case in Nevada that I am aware of that includes larceny as a subset of robbery, number one. So stop right there. Can you just tell me why that makes a difference? Why does that make a difference when I compare the language of these two? Do you see anywhere in the robbery statute any reference to a taking sufficient to meet the generic definition of theft? A deprivation, whether total or permanent, or for such a period of time that will deprive the owner of the rights, use, or benefits of ownership? And to make the point even clearer, if you'll take a look at my brief, I kept saying this, that the taking in Nevada can be momentary. And of such little consequence that it can be a taking of penitential property. That would meet the federal definition of theft. I thought your argument was that Nevada doesn't require the criminal intent to deprive the owner of rights or benefits of ownership. All that Nevada requires is that you take property from somebody without his consent. You don't have to have the intent to deprive them of ownership. Isn't that your argument? That is my argument, my point exactly. And that's why I refer repeatedly to the O.J. Simpson case, because Nevada said that. So the California cases, the Washington cases, where they say that larceny is included within their robbery statute, interpret their statute differently than we do. Taking is inconsequential, not sufficient enough to meet... No, no, that's quite different. That's a quite different point. We've reached the end of your time, but we'll give you a minute for rebuttal. We'll hear from the government now. Good morning, Your Honors. May it please the Court, Vanessa Otero on behalf of the Attorney General. Your Honors, there's only one question in this matter, and it's rather straightforward, and that is whether Petitioner's Conviction for Robbery under Section 200.380 of the Nevada Revised Statute is an aggravated felony theft offense under their Immigration and Nationality Act. So let me ask you a question before you go on, Counsel. Is it the government's position that we should reach the merits of that question? Well, given this Court's supplemental order on the question of... No, I'm just asking what your position is. Is it your position that we should reach the merits of this question? Well, you do have de novo review, so yes, you should reach the merits of the overall... Okay, without worrying about forfeiture and exhaustion, etc. Well, we stand on our brief on the exhaustion issue. I'm not going to reiterate that here. I know we're here to talk about the merits, and that's what I'd like to do with you today. Let me just ask you, I mean, this is an important question to me as well. If the question was not exhausted before the BIA, we lack jurisdiction to consider it. So it's not an option for the government to say you don't have to look at exhaustion. So we need to consider exhaustion, and I think the second question would be forfeiture, and the question is, is the government waiving the forfeiture argument? No, definitely not. I don't think that Petitioner has waived and failed to exhaust the entire merits. I think he has waived and failed to exhaust the issue with respect to the intent element here. Well, I know you want to talk about the merits, but I want to focus on that because like Judge Ikuda, this is important to me. I've read the BIA's decision. It's quite thorough, and it says, you know, you seem to be making the wrong argument, Mr. Gonzales, but we're going to assume you were making the right argument. And if you're making the right argument, we find that the statutes are categorical matches. Now, given that the BIA actually dealt with precisely the argument that I think we ought to be addressing, wasn't it exhausted? Yes, the overall sort of the broad view, whether the robbery statute matches the federal statute. The BIA did decide on the merits that the robbery statute in Nevada is a categorical match for the generic theft statute, correct? Correct. Is that enough to exhaust a specific argument that the intent component doesn't match, which I didn't see in the briefs, but it would certainly be an argument that could have been raised. In my view, no, it isn't enough to exhaust that. Petitioner never made any argument specifically that the intent for Nevada robbery doesn't match the intent for aggravated theft. Sorry, that's a generic theft definition. And the board didn't address that. And I think the board was just as confused as this panel seems to be with his comparison with Nevada robbery to Nevada theft. And maybe within there, he was trying to make that argument. I'm not sure. I can't read his mind. But what I can say is the government's position is that as to the specific intent question that this court asked us to brief in our supplemental briefing, the government's position that he didn't exhaust that particular argument, the board didn't address it, and the court doesn't have jurisdiction to address that particular question. Well, here's why I'm having some difficulty with that. Page two of the board's decision, the board concludes that both statutes involve a taking of property without consent with the intent to deprive the lawful owner of possession. So they concluded that the intent requirement in the generic statute was the same. They then went on to remind Mr. Gonzalez, and I guess that he shouldn't be comparing it to Nevada statutes, but they concluded that the statutes are matching all relevant categories. So why didn't they directly address the issue that I'm now concerned about, whether or not Mr. Gonzalez appropriately raised it in his briefs to us? Because as to forfeiture, we have the ability to. That's a discretionary doctrine for us. So I'm focusing on jurisdiction. Why wasn't this precise argument exhausted? Because the board actually treated it. I understand your point. I just think that the bigger question is, what did he argue to the board? And then what did the board address within that? I think the board. Excuse me, then I go back to the CAR where, artfully or not, there is some reference to the intent component of the Nevada statute. And the board understood it, I think. The board said, no, you're wrong. The intent component is exactly the same. Okay. I don't want to just harp on the same issue. It's just the government's position that he didn't exhaust this specific argument. Whether the board addressed it, I think the board just did a really straightforward analysis comparison of the two different intents. I'm not sure that it got down into the nitty gritty of, because this is a general intent offense, does that actually satisfy the intent? Does it make any difference in the supplemental brief? You said, don't worry about whether you call it a terminology you use, whether you call it general or you call it specific. We should just be looking at what is the intent requirement. And the intent requirement is the same. Can you explain that position? Sure, Your Honor, I'd be happy to. So the generic definition of theft speaks to criminal intent. It doesn't use the words specific or general. So it's the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent. And in the literal case, which we cited in both our brief and our supplemental brief, the Nevada Supreme Court spoke specifically to the intent required for robbery. And it made a lot of statements that I think are pretty relevant here. And I think it helps to understand what's required in Nevada law. It indicated that it was only rejecting the notion of a specific intent to permanently deprive the victim of his property, as opposed to an intent to deprive the victim for a lesser amount of time. And also stated, quote, what's relevant is the substantial interference, temporary or permanent with property rights without consent. And that language categorically matches the language of the intent element for generic theft. The federal generic offense has been described as requiring an intent to steal. I think that's a nice shorthand for it. In Nevada, if somebody has property, and I take it from them, thinking that it's mine, that's what OJ Simpson, I think, was trying to do. I haven't, I've still committed robbery, because I don't have an intent to steal or deprive him of ownership. Because I don't think he has ownership. Nevada says we don't care if you forcibly take property from somebody else. It's no defense that it was your property. You don't have to intend to steal it. You just can't go forcibly taking property from other people. We're going to punish that. We're not going to litigate ownership, who had ownership or anything else. If that's true, if that's an accurate description of Nevada law, why isn't Nevada's robbery statute not a categorical match for federal generic theft? Well, I think Nevada law, what the Nevada Supreme Court has stated in other cases, Leonard and Chapel, which we've also cited in our brief, that robbery does require, and it uses the language intent to steal property. It just doesn't matter when that intent to steal is formed. And I think what it also explains is that the statute is meant to cover violent takings from the person of another. And if you boil it down to that level, it means that robbery is actually more narrow than generic theft. And that would satisfy the categorical analysis and make this an aggravated felony. If the court has any further questions on any of the other elements, I think it's pretty plain that the Nevada robbery statute also satisfies the other two elements for generic theft, the taking of property or exercise of control over property, and that the taking be without the owner's consent. I have a question. Can you point to me the language in Leonard or literal that you're relying on? Sure. The intent to steal language? I must say I read them the other way. So that's why I was trying to find out where you think the court said that there must be an intent to steal. Okay, so I'm looking at Leonard right now, and it's at Headnote 34, 35. Let me get you the page, though. 412? Yeah. And Headnote 34 says the jury need not be instructed that robbery requires intent to take property and a living person. But we're not worried about a living person here. And when I get to that part of the decision, the court seems to say, it says exactly that the jury need. It is irrelevant when the intent to steal a property is formed. It is not necessary. So, but it goes on to say, it begins by saying the jury need not be instructed that robbery requires intent to take property from a living person. I thought it was whether it was robbery because he took the property after he killed the person. He died. Yeah. He killed him, right. That's true. As long as you create the force or fear and then use that to your advantage to take the property. So I don't see, I don't see that's relevant. But why don't we going down to the next line, it says pursuant to Nevada's robbery statute is irrelevant when the intent to steal the property is formed. And so the inference from that is an intent to steal the property is, is necessary. But is that the strongest statement that you have? That it requires an intent to steal? Yeah, that's what I'm, that basically says it's irrelevant. It may imply that it's required, as Judge Acuda says. Yeah, it says it's irrelevant when the intent to steal the property is formed. So the reasonable inference from that is there must be an intent to steal. It just doesn't matter if the intent to steal is formed before or after you kill the victim. So I'm asking you if that's the best statement of an intent to steal in Nevada's Supreme Court cases. I think that and the same in Chapel, which I think is might be a more recent case 1998. Let's say Leonard is, I don't know if that's earlier or later. Okay, Chapel also has similar language, and it says the court has held, and I'm not, let me get you the page number, 1408 of the Chapel case, so it's headnote five. The court has held that in robbery cases, it's irrelevant when the intent to steal property is formed, incites Norman v. Sheriff, which is an earlier Nevada Supreme Court case. And I think this quote sort of explains it to me, but perhaps the panel will disagree. Although the acts of violence and intimidation preceded the actual taking of the property and may have been primarily intended for another purpose, it's enough to support the charges of the indictment for robbery that appellants taking advantage of the terrifying situation they created fled with the victim's property. Yeah, and both of those cases, as I read them, deal with arguments that when I engaged in the act of violence or whatever, I didn't have the intent to take the property, I formed that later, and the court's saying we don't care. My question is, doesn't Littoral, or Littoral, or whoever you provide it, rather squarely hold that there's no necessity to have an intent to take the property, it's enough that you just did? I think Littoral is trying to say that it's not necessary that you have the intent to take the property permanently. And I think that's sort of the finer point that the court was making there. Well, but when I look at page 1227, I'm in the P2 site, it says we don't care about intent. It's enough that you engaged in the act. It's a general intent crime, so there's got to be some intent, right? You're not just doing it blindly. You have to intend to do what's in the statute, what's prohibited by the statute, and it's the unlawful taking of personal property. That's how I read that. Isn't that right? Yes, I agree with you. I think generally speaking, general intent crimes mean that you intend to commit an act, but not necessarily the result of that, if I'm not mistaken. And then specific intent means you intend the result. So if we apply that to robbery here in Nevada, it would be, I'm intending the unlawful taking. Maybe you're not intending to actually take that forever or steal it permanently and resell it or something that would report, you know, I don't know. That's how I read Nevada robbery and the statute. I see that my time is up. I don't want to take any more questions. All right. Mr. Gonzalez, we'll give you one minute for rebuttal. Just real briefly, I would say, I know the government said that the robbery statute is more narrow than the generic definition of theft, but I would say that it excludes the generic definition of theft in the robbery statute. It's not contained within it. And the fact that Nevada has refused lesser included offense instructions on larceny in a robbery prosecution is precisely, and by the way, this is one of the arguments that are made at CAR 153. When I cite to the Simpson case, robbery requires two unique elements. The property be taken for the personal prevalence of another and by means of force or violence or violence or fear of injury. Larceny, in turn, has the unique element of a specific intent. And this is, by the way, a culmination of all the cases that you've just discussed, literal. This is well known in Nevada that robbery does not have anything close to a larceny or theft definition, and that it requires an intent to either permanently deprive, that's clear, or even temporarily deprive to the extent that the board has defined that, which I've repeated in my brief, to deprive them of the use benefits of it and for such a long period of time that it's no longer worth anything. All right, I think we have your argument here over the additional time we gave you. Further questions? No. The case of Marcel Fisk versus William Barr is submitted. The case of Juan Manuel Corrales v. William Barr is off the calendar. And our session for today is adjourned. Thank you, Ron. Have a good day.
judges: Ikuta, Hurwitz, Tagle